IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERN WRIGHT, JUNE WRIGHT, and SUPERANTENNA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BLOOM, JAIMEE BLOOM, KINGSBRIDGE CORPORATION, OFFSHORE SOLUTIONS, INC., SINOTECH CORPORATION, DIFONA COMMUNICATION GMBH, BULLIVANT HOUSER BAILEY PC, and DOES 1–10,<br><br>Defendants. | No. C 12-00746 WHA<br><br>**ORDER DENYING MOTIONS TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** |

**INTRODUCTION**

This case is a dispute between two amateur radio operators, sometimes called "hams," and the collapse of their small business of making and selling radio antennas. The motions now pending to dismiss and/or transfer are **DENIED**.

**STATEMENT**

Vern Wright, W6MMA, is an extra-class radio operator licensed by the FCC. He and his wife, June Wright, started Super Antenna, a small electronics business in Lincoln, California. Super Antenna sold antennas to the amateur ham radio market. In 2010, the Wrights organized SuperAntenna Corporation as a California corporation headquartered in San Mateo.

Michael Bloom lives in Oregon and is also a licensed radio operator, W7RAT. Jamie Bloom is his wife. They own a group of defendant companies, including: Offshore Solutions

and Sinotech, both Oregon corporations located in Portland, and Kingsbridge, an Oregon corporation "with its main sales, shipping, inventory and customer service office in Lincoln, California" (Second Amd. Compl. ¶ 11).

Plaintiffs claim that through a course of fraudulent and illegal conduct, Mr. Bloom took control of plaintiffs' company, Super Antenna. The end result was that Mr. Bloom or Kingsbridge allegedly controlled Super Antenna and stole plaintiffs' technology and trade secrets to manufacture and sell "pirated" products. To effectuate this alleged take-over, the Blooms incorporated a new corporate entity, Kingsbridge. The law firm Bullivant Houser Bailey, P.C. ("BHB"), located in Oregon, allegedly helped prepare and file the corporate documents. Through correspondence via email, mail, and telephone, Mr. Bloom proposed to plaintiffs the idea of using Kingsbridge as the vehicle for transferring inventory and debt held by Super Antenna. Plaintiffs allege that the copies of the proposed agreement that Mr. Bloom sent — and which the Wrights actually signed — did not accurately reflect their agreement. Instead, the documents were created by Mr. Bloom and BHB to defraud plaintiffs and set up a stock offering in violation of federal and state securities laws. Why Mr. Wright would have signed a document without reading it is not yet explained.

Plaintiffs further allege that defendants manufactured pirated Super Antenna products in China and imported the products into Oregon to sell to foreign and domestic markets. Plaintiffs' second amended complaint alleges claims for negligent misrepresentation or fraud, violations of federal, California, and Oregon securities laws, and trade secrets theft.

Defendants contend that venue for plaintiffs' claims is not proper in this district and move to dismiss under Rule 12(b)(3) or, in the alternative, to transfer the action to the district of Oregon pursuant to 28 U.S.C. Section 1406(a).

**ANALYSIS**

**A.    TRANSFER PURSUANT TO SECTION 1406(A).**

Under 28 U.S.C. Section 1406(a), if a district court finds that the case has been filed in the wrong district, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The plaintiff has the burden of

1 showing that venue is proper in this district. *See Piedmont Label Co. v. Sun Garden Packing
2 Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In ruling on a motion to dismiss for improper venue, the
3 allegations in the complaint need not be accepted as true, and the court may consider evidence
4 outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

5 The parties agree that venue in this district is proper if "a substantial part of the events or
6 omissions giving rise to the claim occurred" here. 28 U.S.C. 1391(b)(2). Defendants argue,
7 however, that all of the "significant" events giving rise to plaintiffs' claims took place in Oregon.
8 According to defendants, the fact that some of the defendants may have transmitted email, sent
9 mail to, or conducted telephone calls with plaintiffs, who happen to be California residents is
10 insufficient to establish venue in this district (Opp. at 11). Plaintiffs counter that venue is proper
11 because defendants intentionally directed their acts towards a company located in this district
12 and the injury occurred here.

### 1. Venue is proper for plaintiffs' securities law claims.

The parties do not contest that they had telephone discussions and exchanged correspondence and documents via email and mail between their respective locations in California and Oregon. Defendants argue, however, that merely corresponding with plaintiffs who happen to be in another state does not establish that any acts or omissions actually occurred in California. Defendants' argument misses the point. The gravamen of plaintiffs' allegations is that defendants' misrepresentations were part of a scheme to defraud plaintiffs and to steal a business in this district. As part of that scheme, plaintiffs allege that defendants engaged in conduct, including statements, omissions, and misrepresentations, that violated Sections 10(b) and 17(a) of the Securities Act of 1934 and Rule 10b-5 as well as state securities laws. Defendants allegedly made material misrepresentations directed to plaintiffs in California that induced plaintiffs to agree to the allegedly unlawful transactions. The agreement was negotiated, modified, and signed from California as well as Oregon. The subsequent securities offering was made by defendants in Oregon, allegedly for the purpose of taking over plaintiffs' business in California. Substantial events giving rise to plaintiffs' securities law claims thus occurred in California.

3

Although neither party addresses the issue, Section 27 of the Securities Act of 1934 provides that a suit to enforce any liability or duty created under the Act may be brought either (1) in the district wherein the defendant is found or is an inhabitant or transacts business, or (2) in the district wherein any act or transaction constituting the violation occurred. *See Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316-17 (9th Cir. 1985). "The 'act' contemplated by the statute need not be crucial, nor must 'the fraudulent scheme be hatched in the forum district.' Without question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum." *Ibid*. (citations and quotations omitted). Plaintiffs have alleged that the defendants acted together as part of a fraudulent scheme directed at taking over their company in California. As stated above, defendants exchanged proposed agreements and other documents with plaintiffs in California that formed the basis of the alleged securities violations. Defendants sent numerous emails to plaintiffs that allegedly included statements and omissions forming the basis for the alleged securities fraud. The alleged conduct is more than sufficient to establish venue in this district pursuant to Section 27 of the Act.

### 2. Venue is proper for plaintiffs' remaining claims.

Because this order finds that venue is proper for plaintiffs' securities law claims, and plaintiffs' remaining claims arise from the same or similar set of operative facts, this order declines to transfer the action in whole or in part. *See, e.g.,* 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, Fed. Prac. & Proc.§ 3808 (2007). No benefit would be gained by requiring piecemeal litigation in two districts. The business that is the subject of the alleged sabotage is located here, and plaintiffs have adequately alleged facts establishing that this action has a substantial connection to this district.

No motion for permissive transfer under Section 1404(a) has been made. Such motion would be dubious in all likelihood given the substantial connection of the action to this district.

4

**CONCLUSION**

For the forgoing reasons, defendants' motions to dismiss for improper venue or, in the alternative, to transfer are **DENIED**. As the evidence cited in defendants' objections to evidence (Dkt. No. 59) was not necessary to this order, defendants' objections are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 5, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE