IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERN WRIGHT, JUNE WRIGHT and
SUPERANTENNA CORPORATION,

    Plaintiffs,

  v.

MICHAEL BLOOM, JAMIE BLOOM,
KINGSBRIDGE CORPORATION,
OFFSHORE SOLUTIONS, INC.,
SINOTECH CORPORATION, DIFONA
COMMUNICATION GMBH, BULLIVANT
HOUSER BAILEY P.C., and DOES 1–10,

    Defendants.

 /

No. C 12-00746 WHA

**ORDER GRANTING
MOTION TO DISMISS BY
LAW FIRM DEFENDANT**

**INTRODUCTION**

In this business dispute between two amateur radio operators, a law firm defendant moves to dismiss federal and state securities law claims. For the following reasons, the motion is **GRANTED**.

**STATEMENT**

This particular Rule 12 motion involves a law firm defendant who assisted one of two radio operators in the dealings between the two.

Plaintiffs Vern Wright (W6MMA) and his spouse started Super Antennas, a small electronics business in Lincoln, California. Super Antennas sold antennas to the amateur ham radio market. In 2010, the Wrights incorporated the business as a California corporation with

an office in San Mateo. Plaintiffs claim that through a course of fraudulent and illegal conduct, defendant Michael Bloom (W7RAT) took control of plaintiffs' company. To effectuate this take-over, Michael Bloom and his wife, Jamie Bloom, incorporated a new corporate entity, Kingsbridge Corporation. Through a series of agreements and a securities offering, defendants used Kingsbridge allegedly to take control of Super Antennas. The complaint alleges that the Portland law firm Bullivant Houser Bailey, P.C. ("BHB"), helped prepare and file the incorporation and securities offering documents. BHB managed all corporate matters for Kingsbridge and represented Mr. Bloom and Kingsbridge during the course of the fraudulent securities offering. According to the complaint, these documents, created by Mr. Bloom and prepared by BHB, were used to defraud plaintiffs and set up a stock offering in violation of federal and state securities laws.

In February 2012, plaintiffs filed a complaint alleging various claims under federal, California and Oregon securities laws, as well as claims for fraud and trade secret misappropriation. Plaintiffs did not serve this complaint on defendants. In May 2012, plaintiffs filed an amended complaint and served it on all defendants. Defendants then sought to dismiss this action pursuant to FRCP 12(b)(3) or, in the alternative, to transfer to the district of Oregon. The motion to dismiss or transfer was denied in its entirety. Plaintiffs then filed a second amended complaint.

As against BHB, the second amended complaint now alleges the following claims: (1) misrepresentation, fraud and unjust enrichment, (2) violation of Section 17(a) of the Securities Act of 1933, (3) violation of California Corporations Code Sections 25400(d), 25401, 25403(b), 25500 and 25504, and (4) securities fraud under Oregon Revised Statutes Sections 59.115, 59.135 and 59.137. BHB now seeks to dismiss all claims except for plaintiffs' first claim for misrepresentation, fraud and unjust enrichment.

**ANALYSIS**

1. **SECTION 17(a) OF THE SECURITIES ACT.**

Our court of appeals has expressly held that Section 17(a) of the Securities Act of 1933 does not afford a private right of action. *In re Washington Public Power Supply Sys. Sec. Litig.*,

2

823 F.2d 1349, 1358 (9th Cir. 1987). Plaintiffs concede that the claim brought pursuant to Section 17(a) of the Securities Act of 1933 should be dismissed. Accordingly, plaintiffs' claim against BHB for violation of Section 17(a) of the Securities Act of 1933 is **DISMISSED**.

### 2. CALIFORNIA CORPORATIONS CODE SECTIONS 25400, 25500 AND 25401.

Plaintiffs assert claims against BHB pursuant to California Corporations Code Sections 25400, 25500 and 25401. Section 25400 forbids the use of a false or misleading statement for the purpose of inducing the purchase or sale of a security if the defendant knew or had reason to know that the statement was false or misleading. Section 25500 creates a civil remedy and outlines the circumstances in which an individual who has engaged in violations of Section 25400 may be held liable for damages. As a matter of law, however, plaintiffs cannot state a claim for relief against BHB under Sections 25400 and 25500 because BHB was not the seller (or buyer) of the securities at issue in this action. Section 25500 applies only to a person who either (1) sells or offers to sell, or (2) buys or offers to buy a security. *Kamen v. Lindly*, 94 Cal. App. 4th 197, 206 (2001).

The complaint alleges that BHB, in its role as legal counsel, drafted documents for the Blooms and Kingsbridge in connection with the incorporation of Kingsbridge and the sale of the securities to plaintiffs. Plaintiffs do not allege, nor can they, that BHB was the seller (or buyer) in this securities offering. Rather, the complaint alleges that plaintiffs purchased the shares from Kingsbridge. Because BHB is not a seller (or buyer) of the securities, plaintiffs cannot state a claim against BHB.

Section 25401 makes it unlawful for any person to sell a security by means of untrue statements or omissions of material fact. Section 25501 creates a civil remedy for violations of Section 25401. "Liability under section 25501 attaches only to the actual seller of the securities, who, if he violates section 25401, shall be liable to the person who purchases a security from him." *Apollo Capital v. Roth Partners,* 158 Cal. App. 4th 226, 253–54 (2007). Our court of appeals has held that a corporation's attorney could not be held liable for an illegal stock sale under Sections 25401 and 25501 because the attorney was not the actual seller of the stock. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1289, 1296 (9th Cir. 1989). So too here.

3

Accordingly, plaintiffs' claims under Sections 25400, 25500 and 25401 against BHB are **DISMISSED**.

### 3. CALIFORNIA CORPORATIONS CODE SECTION 25403.

Section 25403(b) establishes vicarious liability against a person who knowingly provides substantial assistance to another person in violation of any provision of the California securities laws. Unlike other provisions of the statute, however, the civil liability provisions do not expressly provide a private right of action for a violation of Section 25403. Consequently, as held by the California court of appeal, no private right of action exists under Section 25403. *Apollo*, 158 Cal. App. 4th at 255. Plaintiffs, therefore, cannot assert a claim against BHB under Section 25403. Accordingly, plaintiffs' claim against BHB is **DISMISSED**.

### 4. CALIFORNIA CORPORATIONS CODE SECTION 25504.

Section 25504 imposes liability on those who materially assist in violations of Section 25401. BHB contends that this claim is barred by the statute of limitations. Section 25506(b) states that:

> [N]o action shall be maintained to enforce any liability created under Section 25500, 25501, or 25502 (or Section 25504 or Section 25504.1 insofar as they are related to those sections) unless brought before the expiration of five years after the act or transaction constituting the violation or the expiration of two years after the discovery by the plaintiff of the facts constituting the violation, *whichever shall first expire* (emphasis added).

Here, the action was filed on February, 15, 2012. Based on the plain allegations of the complaint, this action was not timely filed. *First*, according to the complaint, the date plaintiffs discovered that they were defrauded was October 22, 2009 (Second Amd. Compl. ¶ 174). Two years thereafter was October 22, 2011. *Second*, five years after the date of the violation was February 17, 2014. *Thus, the earlier of the two dates, and the date by which this action had to be filed, was October 22, 2011*. The instant action was commenced about four months too late, at least as to Section 25504.

Plaintiffs contend that the date of actual discovery of BHB's involvement was July 2011, when defendant Michael Bloom was deposed (Opp. 2). Actual notice, however, is not required. Under Section 25506 inquiry notice is sufficient to trigger the running of the limitations period.

4

Inquiry notice is triggered when a person becomes aware of financial, legal or other information that suggests (to an investor of reasonable intelligence) that he or she had been defrauded. *Deveny v. Entropin, Inc*., 139 Cal. App. 4th 408, 428 (2006). The complaint states that "after receiving the October 22, 2009, letter from [d]efendant Michael Bloom, [p]laintiff finally realized that they had been defrauded by [d]efendants" (Second Amd. Compl. ¶ 174). The letter sent by Mr. Bloom stressed the unprofitability of Kingsbridge and informed plaintiffs that they would not be receiving the negotiated distribution payments (*id*. at ¶¶ 170, 173). The complaint alleges that by October 2009, plaintiffs were aware that Kingsbridge had sold $220,000 in product and had the business been run honestly it should have had a gross profit of $120,000 (*id*. at ¶ 174). Plaintiffs were also aware of BHB's connection to defendants. The complaint alleges that BHB sent a packet of signed legal documents regarding the offering directly to plaintiffs in April 2009 (*id*. at ¶145). These documents included the promissory note for plaintiffs' purchase of shares.

Plaintiffs allege that they were unaware that they had even participated in a securities offering until early 2010 when their lawyer filed a securities-fraud counterclaim in the previous Oregon litigation. Plaintiffs contend that the final agreement they signed was different than the proposed agreement that they believed they were signing. This may be true. Plaintiffs, however, were in possession of and signed the final agreement and were thus on notice of its contents. Further, during oral argument, plaintiffs' counsel stated that he believed that plaintiffs retained a copy of the final agreement. In October 2009, when plaintiffs realized that they had been defrauded, they could have (and should have) examined the final agreement and discovered that it was different than what they believed they had signed. The question is not whether a plaintiff *was aware* of the specific facts but whether, in the exercise of reasonable diligence, a plaintiff *should have been aware* of a defendant's allegedly fraudulent conduct. *Kramas v. Security Gas & Oil Inc*., 672 F.2d 766, 771 (9th Cir. 1982).

The plain allegations of the complaint establish that by October 2009, plaintiffs were aware of fraudulent conduct and were aware that BHB was involved in the transaction between the parties. With the exercise of reasonable diligence, plaintiffs should have uncovered facts

5

underlying a securities fraud claim, especially in light of the fact that plaintiffs were in possession of the final agreement. Accordingly, plaintiffs' claim against BHB is time-barred and is therefore **DISMISSED**.

Plaintiffs did not assert a claim for relief under California Corporations Code Section 25504.1 anywhere in their complaint; plaintiffs now argue in their opposition that this order should read the facts alleged in the complaint to support a claim against BHB. This is unnecessary because based on the allegations contained in the complaint, a claim under Section 25504.1 would also be time-barred. The statute of limitations requirements of Section 25506(b) (described herein) also apply to claims under Section 25504.1.

### 5. OREGON STATE LAW CLAIMS.

Plaintiffs allege that BHB materially aided in Michael Bloom's violation of Oregon securities laws and is therefore jointly and severally liable pursuant to Sections 59.115, 59.135 and 59.137 of the Oregon Revised Statutes. BHB contends that plaintiffs' claims are barred by the applicable statute of limitations.

Pursuant to Section 59.115(6):

> No action or suit may be commenced under this section more than three years after the sale. An action under this section for a violation of subsection (1)(b) of this section or ORS 59.135 may be commenced within three years after the sale or two years after the person bringing the action discovered or should have discovered the facts on which the action is based, whichever is later.

Section 59.137(6) governs the statute of limitations for plaintiffs' claim under Section 59.137. The application of the timing guidelines set forth by Section 59.137(6) is the same as the above-quoted statute and is described below.

In order to evaluate whether the Oregon state law claims are barred by the statute of limitations, the commencement date of this action must first be determined. "Oregon Revised Statutes [Section] 12.020 provides that an action is not commenced until both filing of the complaint and service of summons on the defendant are accomplished, except that an action is deemed to have been commenced on the date the complaint is filed, if summons is served on the defendant within 60 days of filing the complaint." *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002). This action was filed on February 15, 2012. An amended complaint was filed

6

on May 16, 2012. Plaintiffs did not serve any complaint on any defendant until May 17, 2012. In order to preserve the filing date of February 15, 2012, plaintiffs had to have completed service by April 15, 2012. Plaintiffs failed to do this. Service was completed well past the sixty-day grace period provided by the statute. Accordingly, under Oregon law, this action was "commenced" on May 16, 2012, the date the amended complaint was filed.

Plaintiffs' Oregon claims are thus barred by the statute of limitations. Here, the complaint indicates that plaintiffs discovered they were defrauded on October 22, 2009. Two years thereafter was October 22, 2011. The complaint also alleges that the violation (the date the stock sales agreement was signed) occurred on February 17, 2009. Three years thereafter was February 17, 2012. Thus, the latest date the action could have been commenced was February 17, 2012. May 16, 2012, was well beyond that date.

Plaintiffs first allege that the violation actually occurred on April 6, 2009, because additional documents connected to the stock sale were signed on that date. This argument is irrelevant because even applying the statute of limitations to that date, this action had to be commenced by April 6, 2012, to be timely. Plaintiffs further contend that they did not discover the facts on which this action is based until July 2011. As discussed above, this argument is not persuasive as the complaint plainly states that plaintiffs discovered that they had been defrauded on October 22, 2009. Accordingly, plaintiffs' claims against BHB under Oregon law are barred by the statute of limitations and are **DISMISSED.**

## CONCLUSION

For the above-stated reasons, BHB's motion to dismiss is **GRANTED**. As the evidence cited in BHB's objections to evidence (Dkt. No. 92) was not necessary to this order, BHB's objections are **DENIED AS MOOT**.

7

The Court is of the view that plaintiffs have already had ample opportunity to amend and, further, that the claims asserted were time-barred and should not have been asserted in the first place. Leave to amend will not be allowed.

**IT IS SO ORDERED.**

Dated: November 30, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8