**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERN WRIGHT, JUNE WRIGHT, and
SUPERANTENNA CORPORATION,

   Plaintiffs,

   v.

MICHAEL BLOOM, JAIMEE BLOOM,
KINGSBRIDGE CORPORATION, OFFSHORE
SOLUTIONS, INC., SINOTECH
CORPORATION, DIFONA
COMMUNICATION GMBH, BULLIVANT
HOUSER BAILEY PC, and DOES 1–10,

   Defendants.
                                                           /

No. C 12-00746 WHA

**ORDER GRANTING
MOTION TO WITHDRAW**

By order dated May 23, 2013, counsel for Difona Communication GMBH's motion to withdraw was denied, and plaintiffs and Difona were referred to Magistrate Judge Paul Grewal for a further settlement conference (Dkt. No. 120). Judge Grewal set a date for the settlement conference, but Difona did not attend, although its counsel did so (Dkt. No. 126). Pursuant to Judge Grewal's order following Difona's failure to attend the settlement conference, counsel for Difona filed sworn declarations detailing their efforts to inform Difona of its obligation to appear at the settlement conference (Dkt. Nos. 128 and 128-1).

According to the declaration of Attorney John Ladue, on May 24, he sent the May 23 order to Difona's Managing Director, Alfred Kraemer, by e-mail, explaining that Difona was directed to appear for a settlement conference (Dkt. No. 128-1). Attorney Ladue states that the

1 email also "strongly recommended" that Mr. Kraemer personally appear at the settlement
2 conference, scheduled for May 29, warned him that failure to appear would likely result in
3 sanctions, and requested that if Mr. Kraemer was not going to appear at the settlement
4 conference, that he grant counsel the authority to negotiate a settlement with plaintiffs. Attorney
5 Ladue did not receive a response to his email.

6 Attorney Scott Olson sent Mr. Kraemer an email on May 28 requesting that Mr. Kraemer
7 grant counsel the authority to negotiate a settlement with plaintiffs (Dkt. No. 128). The email
8 reiterated that there could be "very significant and prejudicial" consequences to failing to attend
9 the settlement conference and/or failing to litigate the action. On May 29, prior to the settlement
10 conference, Mr. Kraemer responded to the email, stating that he could not attend the settlement
11 conference because Difona could not afford to shut down to allow Mr. Kraemer to travel to
12 California to attend the settlement conference. Mr. Kraemer did not provide counsel with any
13 authority to negotiate a settlement. Attorneys Olson and Andrea Anapolsky attended the
14 settlement conference on May 29, at which no representative from Difona appeared.

15 Counsel's efforts to provide notice to Difona regarding the Court's May 23 order and the
16 mandatory settlement conference on May 29 were adequate. Difona, however, appears to be
17 shirking its obligations to litigate this action (despite having appeared and answered the
18 complaint several months ago) and is now preventing a complete resolution of the case. Apart
19 from Difona, all other parties have settled. While the Court previously stated that Difona's
20 failure to pay counsel would not, standing alone, be sufficient ground for withdrawal, Difona's
21 failure to obey Court orders and to cooperate with its counsel to defend itself or otherwise
22 resolve this action provides further reason to grant counsel's motion to withdraw. Accordingly,
23 the Court will now grant the motion to withdraw, effective upon completion of the notice in the
24 next paragraph.

25 Counsel for Difona is hereby ordered to promptly give notice to Difona that (1) existing
26 counsel has been allowed to withdraw as counsel for Difona and (2) to have new counsel appear
27 for Difona by **JULY 8, 2013**. Counsel should further inform Difona that failure to do so will
28 likely result in default being entered against Difona, which will in turn likely result in a

monetary judgment being entered against it. Such a judgment, if not paid, would interfere with Difona's ability to do business in the United States, among other things.

As soon as the July 8 deadline has passed, if new counsel have not appeared for Difona, plaintiffs may make a motion for default judgment by **JULY 18, 2013**.

**IT IS SO ORDERED.**

Dated: June 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3